GODARD (ROOT v.). See Case No. 12,037.

GODBOLD (UNITED STATES v.). See Case No. 15,219.

## Case No. 5,489.

### GODDARD et al. v. ARTHUR.

[13 Blatchf. 438;[1] 22 Int. Rev. Rec. 257.]

Circuit Court, S. D. New York. June 22, 1876.[2]

CUSTOMS DUTIES — CASH PRICE — INTEREST—DISCOUNT.

1. The invoice on which an entry of imported goods was made read thus:

"Merchandise, frs.................. 8670 25
Discount for cash, on gross am't,
2 p. c...................... 175 30

Frs ..................... 8494 95

Terms cash; if not paid cash, interest to be added at the rate of 6 per cent." The collector refused to allow the 2 per cent. discount, and the goods were appraised at 8670.25 francs, and duty was exacted thereon. The net invoice price was the actual market value of the goods in the country of exportation: Held, that the duty on the 2 per cent. was improperly exacted. [See note at end of case.]

2. The sale was, on the face of the invoice, a sale for cash at the lesser price, without credit, interest to be paid for delay.

[This was an action at law by Joseph W. Goddard and others against Chester A. Arthur, for the recovery of duties illegally exacted by him as collector of the port of New York.]

William G. Choate, for plaintiffs.

George Bliss, Dist. Atty., for defendant.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 96 U. S. 145.]

WALLACE, District Judge. The invoice upon which the plaintiffs entered an importation of merchandise was as follows:

"Merchandise, frs................... 8670 25
Discount for cash, on gross am't,
  2 p. c........................... 175 30
                                   _____
  Frs. ......................... 8494 95

Terms cash; if not paid cash, interest to be added at the rate of 6 per cent." The collector refused to allow the two per cent. discount, and the merchandise was appraised as of the invoice price, at 8670.25 francs. This action is brought to recover the duty exacted on the two per cent. disallowed, and the only question is, whether or not the discount should have been allowed, in ascertaining the invoice price, it being conceded that the net invoice price was the actual market value of the goods in the country of exportation. As I construe the invoice, it evidences a sale for cash, at the price of 8494.95 francs. The purchaser has no term of credit, but the price is due on delivery, and, for any delay in making payment, the interest is stipulated at the rate of six per cent. The transaction is materially different from a sale on credit, where, by the terms, a discount is to be allowed, if cash is paid before the term of credit expires, and is, therefore, distinguishable from Ballard v. Thomas, 19 How. [60 U. S.] 382. In such case, the purchaser has an option to pay the regular price for the goods, or to satisfy the contract at a reduced sum, by performance at an earlier day than the contract day. In the present case, if the rights of the parties are to be controlled by the contract evidenced by the invoice, (and no other evidence was presented to the collector, or on the trial,) the purchaser has no option, and the vendor can in no event exact more than the net price and interest.

It is urged, that the appraisal is conclusive as to the value of the merchandise, and, even if erroneous, in the absence of fraud, authorized the collector to exact the amount which he required to be paid. But, the return of the appraisers shows that the market value of the merchandise was not a subject of inquiry. They attempt to return the invoice price, and the form of the return is such as to present simply the question for the consideration of the collector, whether the gross or the net price was the invoice price.

Judgment for plaintiff.

[NOTE. Upon an appeal by the defendant to the supreme court, the judgment of the circuit court was affirmed in an opinion by Mr. Justice Hunt (96 U. S. 145), in which it was held that the entered or invoice value spoken of in the statute of March 3, 1865 (13 Stat. 494), was held to be the cash value as stated in the invoice. The fact that the price was to bear a certain interest until paid for had no influence upon the question of their value. Nor was it the province of the appraisers to make and decide a legal question.]